IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH COUNCE, 1615085, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES ATTORNEY GENERAL, )<br>and WARDEN BARRY MARTIN, )<br>      Respondents. ) | No. 3:11-CV-1981-D |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual background**

Petitioner files this habeas corpus petition pursuant to 28 U.S.C. § 2241.  Petitioner is currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division.  Respondents are the United States Attorney General and Warden Barry Martin.

Petitioner states that in 1989, he was arrested in the Central District of California without probable cause and was subsequently wrongfully convicted for six bank robberies.  He seeks release from supervised release and a dismissal of his convictions.

**II. Discussion**

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause."  The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when

the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

In this case, Petitioner does not allege that his claims are (I) based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. His petition under 28 U.S.C. § 2241 should be dismissed

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed with prejudice.

Signed this 11th day of April, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).